# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

NATIONAL CASUALTY COMPANY,

    Plaintiff,

vs.                                                                      No. CIV 99-0450 JC/JHG

RICHARD F. MONTOYA and ANGELA V. MONTOYA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants' Motion to Dismiss and Request for Stay of Discovery *(Doc. 11)*. The Court has reviewed the motion, the memoranda, the exhibits, and the relevant authorities. Under the circumstances of this case the Court, on its own motion, declines to exercise its discretionary jurisdiction under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201(a) and will stay this action. Defendants' motion will be conditionally denied as moot.

### Background

This declaratory judgment action arose from a dispute between the parties over insurance coverage. Plaintiff ("National Casualty") issued an insurance policy, effective from January 21, 1998 to January 21, 1999, on Defendants' ("Montoyas") property located in Truchas, New Mexico. In July 1998, the property was damaged by fire, and the Montoyas submitted a claim to National Casualty. National Casualty denied the Montoyas' claim based on its determination that the insured

premises had been vacant in violation of the policy's "Occupancy Endorsement" provision. The Montoyas rejected the denial and, according to National Casualty, threatened legal action.

National Casualty filed this federal diversity action on April 23, 1999 seeking a declaratory judgment that National Casualty is not liable for the Montoyas' claim.[1] On July 9, 1999, the Montoyas filed an action in state court *(Exhibit A to Motion to Dismiss)*, in which they named National Casualty and El Valle Insurance Agency ("El Valle") as defendants. The Montoyas asserted various claims in their state complaint, including breach of contract, negligence, breach of fiduciary duty, bad faith and violation of New Mexico's Unfair Practices Act and Unfair Insurance Practices Act *(Id.)*. The Montoyas move for dismissal of the declaratory action based on the assertion that El Valle is a necessary and indispensable party, whose joinder would destroy the diversity upon which federal jurisdiction rests.

## Discussion

Before addressing the Montoyas' Motion to Dismiss and Request for Stay of Discovery, I will first discuss the implications of the DJA on this case. The DJA provides that a federal court "upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). Accordingly, federal district courts possess "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 282 (1995).

---

[1] Neither party raised any claims based on federal law. Federal jurisdiction of the declaratory action rests solely on diversity.

*Parallel State Court Action*

Although the parties have not directly raised the issue, I am confronted with the question of whether to exercise jurisdiction in the matter before the Court in light of the related state action. The Supreme Court in *Wilton* noted that a district court's actions may constitute "gratuitous interference" if it permits a federal declaratory action to proceed in the face of a pending state suit involving the same parties and providing an opportunity to resolve the same state law issues. *See id.* at 283 (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942)). District courts considering a stay should examine "the scope of the pending state court proceeding and the nature of defenses open there." *Id.*

In this instance, the parties' substantive claims in either the federal or state forum require the application of New Mexico state law. *See supra* n.1. However, the state proceeding raises more claims than the federal case and involves an additional party, El Valle. Furthermore, National Casualty's declaratory claim can be asserted as a defense in the state breach of contract action.[2] Thus, the state action's broader scope and its opportunity to resolve the same state law issues weigh in favor of staying the declaratory action.

The Supreme Court in *Wilton* suggested that other cases may assist district courts in deciding whether to stay or dismiss a declaratory judgment action. *See id.* The Tenth Circuit instructed district courts to weigh various factors in their decision-making. The non-exhaustive list of considerations includes: whether a declaratory action 1) would settle the controversy; 2) would serve

---

[2] In its Answer to the Montoyas' state Complaint, National Casualty asserts that "Plaintiffs' claims are limited by the terms of the contract at issue." *(Eighth Affirmative Defense, Exhibit A to Def. Reply, Doc. 14).* This essentially reflects National Casualty's request for a declaratory judgment that it is not liable to the Montoyas under the terms of the policy.

a useful purpose in clarifying the legal relations at issue; 3) is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; 4) would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and 5) whether there exists a better or more effective alternative remedy. *See St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (citing *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)).

### *1. Procedural Fencing*

"A district court may choose to avoid a declaratory judgment action because the plaintiff is using the action for procedural fencing." *St. Paul*, 53 F.3d at 1170 (citing *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653, 656 (10th Cir. 1946)). National Casualty's filing of this action is indicative of "reactive forum shopping," *see John Deere Ins. Co. v. Smith Lighterage Co*., 948 F. Supp. 947, 950 (W.D. Wash. 1996), particularly given the fact that National Casualty had constructive notice of the Montoyas' intent to take legal action. *See* C*entennial Life Ins. Co. v. Poston*, 88 F.3d 255, 258 (4th Cir. 1996) (declaratory action properly dismissed in favor of later-filed state action).

Such anticipatory conduct by National Casualty weighs in favor of a stay. Even assuming that National Casualty did not engage in forum shopping, the more important question is "not which action was commenced first but which will most fully serve the needs and convenience of the parties and provide a comprehensive solution of the general conflict." *National Union*, 767 F. Supp. at 573 (quoting 10A C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE, § 2758 at 638 (1983)). Because the broader scope of the state action provides a more comprehensive solution of the parties' conflict, a lack of procedural fencing will not defeat a stay of the federal action.

### *2. Federal/State Relations*

"[F]ederal courts' interest in a case is at its lowest when sitting in diversity . . . ." *John Deere*, 948 F. Supp. at 949 (citing *Continental Casualty Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991)). There is no particular federal interest in resolving this dispute because state law clearly governs the determination of all of the parties' substantive claims. *See National Union Fire Ins. Co. v. Freeport-McMoRan, Inc.*, 767 F. Supp. 568, 571 (D. Del. 1991). State courts possess a relatively higher interest in resolving claims that involve interpretation and application of their state statutes. *See id.* Therefore, a New Mexico state forum is especially appropriate for litigating the Montoyas' allegations of statutory violations. Because federal interest in this case is relatively low and state interest is relatively high, a stay is indicated in order to avoid unnecessary friction between federal and state courts.

### *3. Better or more effective alternative remedy*

Federal courts "'should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding.'" *See St. Paul*, 53 F.3d at 1170 (quoting *Kunkel v. Continental Casualty Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989)). Faced with a similar case as this one, the district court in *St. Paul* properly refused to exercise jurisdiction over a declaratory judgment action based on the existence of a more effective parallel state proceeding. *See id.* at 1168. In that case, St. Paul filed an action in federal district court seeking a declaration of non-liability under the terms of an insurance policy issued to Mr. Runyon. Because Mr. Runyon's state breach of contract claim would resolve the same issues as those in the federal action, the district court appropriately deferred to the state proceeding as being the more effective alternative remedy. *See id.* at 1169-70.

The Montoyas' state proceeding will likewise resolve the identical issue of policy coverage raised in the federal declaratory action. Moreover, the state action provides the parties an opportunity to determine additional claims, together with El Valle's role in this dispute. The broader scope of the state proceeding indicates that it is the better and more effective alternative remedy. Thus, the availability of the pending state action weighs in favor of staying the federal declaratory action.

Finally, the Supreme Court noted in *Wilton*: "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. Here, the pending state proceeding encompasses the same parties and the same claims as in the declaratory action. An adjudication of the respective rights of the parties under the insurance policy will necessarily be decided in the state breach of contract action. Thus, the interests of judicial efficiency and practicality weigh in favor of a stay.

**Conclusion**

For the reasons discussed above, I find that this declaratory judgment action should be stayed pending resolution of the parallel state action.[3] Accordingly, it is unnecessary at this time for me to address the issue of whether El Valle is a necessary and indispensable party. I therefore find that Defendants' Motion to Dismiss and Request for Stay of Discovery be conditionally denied as moot.[4]

---

[3] The practical difference between a stay and dismissal is minimal because the state court's decision will bind the parties under *res judicata*. *See Wilton*, 515 U.S. at 283. Nevertheless, a stay is preferred under these circumstances to avoid the risk of a time bar should the state case fail to resolve the matter. *See id.* at 288 n.2.

[4] I will consider Defendants' Motion to Dismiss should proceedings in this declaratory judgment action resume in this Court.

Wherefore,

IT IS ORDERED that this declaratory judgment action is hereby **stayed** pending resolution of state court action *Montoya v. National Casualty Co.*, No. D-0117-CV-99 01342., in the First Judicial District Court, State of New Mexico, County of Rio Arriba.

IT IS ALSO ORDERED that Defendant's Motion to Dismiss and Request for Stay of Discovery is conditionally **denied** as moot.

DATED this 13th day of September, 1999.

*[signature: John Edwards Conway]*
**CHIEF UNITED STATES DISTRICT JUDGE**


Counsel for Plaintiff:    Gregory L. Biehler
    Marcus E. Garcia
    Beall & Biehler, P.A.
    Albuquerque, New Mexico

Counsel for Defendants:    Arthur Bailey, III
    Santa Fe, New Mexico

    Michael Schwarz
    Santa Fe, New Mexico